UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA BUNDY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CALDERA MEDICAL, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-09272-WLH-PVC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [14]** |

　　　No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for January 12, 2024, is **VACATED**, and the matter taken off calendar.

　　　Before the Court is Plaintiff Christina Bundy's ("Plaintiff") Motion for Remand (the "Motion"). (Docket No. 14). No defendant filed an opposition to the Motion. For the reasons stated below, the Court **GRANTS** the Motion and remands the action to the Superior Court of the State of California, Los Angeles County.

## I. BACKGROUND

Plaintiff, a Kentucky resident, filed this action in Los Angeles County Superior Court on October 25, 2023. (Notice of Removal, Exh. A. ("Compl."), Docket No. 1-2). Plaintiff named multiple defendants in her Complaint, including Defendant Caldera Medical, Inc. ("Caldera"), a California corporation, and Defendant Ethicon, Inc. ("Ethicon"), a New Jersey corporation. (*Id.*; *see* Notice of Removal, Docket No. 1 ¶¶ 18, 22). On November 2, 2023, Ethicon removed the case to federal court based on diversity jurisdiction. (Notice of Removal). On November 29, 2023, Plaintiff filed a Notice of Dismissal without prejudice as to Ethicon and several other defendants. (Docket No. 12). Caldera remains a party to the action.

On December 1, 2023, Plaintiff filed the instant Motion for Remand. To date, no defendant has opposed the Motion.

## II. DISCUSSION

Pursuant to Local Rule 7-12, "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of a motion." Here, because no defendant has opposed the Motion, the Court finds good cause to grant the Motion and remand the action.

Additionally, the case is subject to remand under the forum defendant rule. That rule provides that "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). "Since the forum defendant rule is procedural rather than jurisdictional, a plaintiff must file a motion to remand on this basis within 30 days of removal." *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1022 (N.D.

Cal. 2017) (citing 28 U.S.C. § 1447(c)).

Because Defendant Caldera is a California corporation, it is considered a California citizen for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332 (c)(1). That is, Caldera is a citizen of the forum state. Moreover, Plaintiff filed the Motion to Remand within 30 days of Defendant Ethicon's removal. Plaintiff has therefore shown that this action was improperly removed and has fulfilled the procedural requirements for remand.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Remand. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 9, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE